# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                           :

       Plaintiff,                            Case No. 3:08-cr-041(2)
                                          Also Case No. 3:12-cv-397

                           :          District Judge Thomas M. Rose
     -vs-                               Magistrate Judge Michael R. Merz

EVERARDO RODRIQUEZ-VILCHIS,

                           :

       Defendant.

---

# REPORT AND RECOMMENDATIONS

---

Defendant commenced this action by filing his Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 209).  The case has been referred to the undersigned Magistrate Judge under the Dayton General Order on Assignment and Reference and is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Defendant was indicted with eight others on March 12, 2008 (Indictment, Doc. No. 11). He was charged with conspiracy to distribute and to possess with intent to distribute Schedule I and II controlled substances.  *Id.* Count 1.  On September 19, 2008, he entered into a Plea Agreement with the United States to plead guilty to the one count charged (Plea Agreement,

Doc. No. 106).  In the Plea Agreement, Defendant expressly waived any right to appeal in the following language:

> 9. The defendant, EVERARDO RODRIGUEZ-VILCHIS, is aware that Title 18, United States Code, Section 3742 gives the defendant a right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal all matters pertaining to this case and any sentence imposed by the District Court. The defendant does retain the right to appeal a sentence imposed above the applicable sentencing Guidelines range as a consequence of an upward departure. This limited right to appeal exists only if the Court imposes a sentence which is an upward departure from the applicable Sentencing Guideline range.

On August 4, 2009, Judge Rose sentenced Defendant to 144 months imprisonment, the term he is now serving and from which he seeks relief (Judgment, Doc. No. 177).  He pleads the following Grounds for Relief:

> **Ground One:**  Petitioner is entitled to equitable tolling time of filing his 2255 for grounds 2 through 4 below:  see memorandum of points and authorities in support.
>
> **Supporting Facts:**  The petitioner's argument in his memorandum of law raises due process, equal protection rights and ineffective assistance of counsel claims under the Fifth, Sixth and Fourteenth Amendment [sic] of the U.S. Constitution, therefore, he should be etitled [sic] to eqitable [sic] tolling time.
>
> **Ground Two**:  Defense counsel was ineffective in failing to object to, mitigate and raise on direct appeal the enhancement for leadership.
>
> **Supporting Facts**:  see memorandum of law.
>
> **Ground Three**:  Defense counsel was ineffective for failure to object to, mitigate and raise on direct appeal the credibility determination drug amount attributed upon the defendant.  See memorandum of law in support.
>
> **Ground Four:**  Defense counsel was ineffective when he did not file a requested direct appeal.  See memorandum of law in support.

**Ground Five:** Defense counsel was ineffective to negoatiate [sic] original plea offered in light of Missouri v. Frye, a retroactively applicable case to petitioner. See memorandum of law in support.

(Motion, Doc. No. 209, PageID 684-686.)

No notice of appeal was ever filed in this case and the time to do so expired fourteen days after judgment or on August 18, 2009. Defendant signed the § 2255 Motion on November 15, 2012, and it is deemed filed as of that date. 28 U.S.C. § 2255(f) provides a one-year statute of limitations for § 2255 motions from the date on which the judgment became final, in this case August 18, 2009. The statute of limitations expired August 19, 2010, and THE § 2255 Motion was therefore filed more than two years late.[1] A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). The same logic applies to consideration of limitations issues in § 2255 cases.

Defendant claims in Ground One that he is entitled to equitable tolling of the time for Grounds 2, 3, and 4 because he "does not speak, write or understand the English language, nor the process and functions of the American legal system" and therefore trusted his attorney to file an appeal (Motion, Doc. No. 209, PageID 691). After unsuccessfully attempting numerous times to reach his attorney, he eventually spoke to a bilingual law clerk at his place of incarceration and learned no appeal had been filed. He then began to prepare his § 2255 Motion. *Id.*

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). The one-year statute of limitations in 28 U.S.C. § 2255(f) is subject to equitable on the same basis, since it is in

---

[1] Defendant argues that his time to file expired October 16, 2010, but does not explain how he calculated that date. (Motion, Doc. No. 209, PageID 691.)

*pari materia* with § 2244. A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 2012 U.S. App. LEXIS 3065 (6th Cir. 2012), *quoting Robinson v. Easterling*, 424 F. App'x 439, 442 & n.1 (6TH Cir. 2011). *Keeling* cites several prior cases where equitable tolling was refused even though a petitioner's attorney failed to keep him apprised of the status of pending matters. A petitioner's *pro se* status and lack of knowledge of the law do not constitute an extraordinary circumstance to excuse late filing. *Keeling, supra*. A defendant's lack of knowledge of English also does not excuse a delay in filing. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420-22 (6th Cir. 2005); *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), *citing Graham Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561. Equitable tolling should be granted sparingly. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

Defendant has failed to establish a sufficient case for equitable tolling. He claims he asked his attorney to appeal, but he does not say when he did so or give any corroborating facts (Was it in person or by telephone or letter? Was anyone else present? Did it happen before or after the time to appeal expired?) Nor does he give any detail about what he did to pursue the case after being sentenced. Did he call or write his attorney? When did he contact the bilingual law clerk? He says nothing about the fact that he waived his right to appeal in the Plea Agreement (except for circumstances not relevant to the claims he makes). What discussion did he and his attorney have about that fact as it relates to his desire to appeal?

Because Defendant has not established his entitlement to equitable tolling on Grounds Two, Three, and Four, they should be dismissed with prejudice as barred by the one-year statute of limitations. Ground One, of course, is not a separate ground for relief, but Defendant's attempt to show equitable tolling.

In Ground Five, Defendant asserts he received ineffective assistance of trial counsel in plea negotiations. The full claim is as follows:

> The petitioner was offered a 29 BOL [base offense level] with no criminal history points attached, which would had placed him with a sentencing range of 87 to 108. Prosecutor was willing to make that offer under the safety valve. However, petitioner not willing to give the prosecutor information under the safety valve condition, was willing to accept his own responsibilities and plea guilty to his offense committed. Counsel failure to pursue (explore) and communicate that offer of plea without the safety valve condition was deficient performance. see U.S. v. Booth, 432 F.3d 542, 549-50 (3d Cir. 2005).

> The circumstances existing here, sub judice, is that the 29 BOL was offered by the government which the records support that plea negotiation, and the Sixth Amendment right to counsel attaches, therefore, a Strictland's [sic]framework for ineffective assistance claim. Missouri v. Frye, 566 ___, 2012 U.S. Lexis 2321 (3/21/12). In order to provide constitutionally adequate representation in the context of plea negotiation, a lawyer must generally advise the

client of any offer that the government extends. Frye, 2012 U.S. Lexis 2321 at *8.

Further, counsel must outline the strength and weakness of the case against him; and provide an estimate of the defendant's sentencing exposure at trial. Id. A defendant seeking to vacate his conviction on the ground that his lawyer failed to comply with pursuing with and negotiating the 29 BOL recommended by the government in light of U.S. v. Booth, 432 F.3d 542, at 549-50, clearly demonstrates that but for the ineffective advice of counsel there is reasonability that he would had accepted the plea and the prosecutor would not have withdrawn it in light of intervening circumstances. See Lafler v. Cooper, 566 U.S. , 2012 U.S. Lexis 2322 at *5.

The Courts have found ineffective assistance of counsel in cases where the attorney's failure concerned the process of plea bargaining and reaching an agreement. U.S. v. Blaylock, 20 F.3d 1458, at 1465-66 (9th Cir. 1994). Missouri v. Frye, 2012 U.S. Lexis 2321 (3/21/12) and Lafler v. Cooper, 2012 U.S. Lexis 2322 has been made applicable retroactive to cases like this one at bar, and the petitioner has filed this claim within the one year rule in light of Dodds v. U.S., 545 U.S. 353, 162 L. Ed. 2d 343, 125 S. Ct. 2478 (2005).

(Motion, Doc. No. 209, PageID 695-697.)

Defendant asserts his Fifth Ground for Relief is timely filed because *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012); and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), were decided in March, 2012, and he filed his § 2255 Motion within one year of those decisions. It is correct that 28 U.S.C. § 2255(f) provides as a later starting date for calculating the statute of limitations, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

First of all, assuming these cases recognize a new constitutional right, nothing in the text expressly makes them retroactively applicable to cases on collateral review. The Eleventh

Circuit has expressly held that *Frye* and *Lafler* do not announce new rules and are therefore not retroactive. *In re: Michael Perez,* 682 F.3d 930 (11th Cir. 2012). Judges Graham and Abel of this Court have reached the same conclusion. *Crockett v. United States*, 2012 U.S. Dist. LEXIS 160384 (S.D. Ohio Nov. 8, 2012), *citing Buenostro v. United States*, 697 F.3d 1137 (9th Cir. 2012), and *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012).

But secondly and more importantly, the right recognized in these cases is far different from the right claimed by Defendant. In both of those cases, the prosecutor had made a plea offer. In *Missouri v. Frye* the defendant's lawyer never communicated that offer to his client and the client ended up convicted of a felony and sentenced to three years imprisonment when he could have pled to a misdemeanor. In *Lafler*, the prosecutor made an offer and defense counsel recommended to his client, upon a serious misunderstanding of the law, that the offer be rejected; after trial defendant was sentenced to 185 to 360 months when he could have received a 51-85 month sentence under the offer. The holding in *Frye* is as follows:

> This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.

132 S. Ct. at 1408. The Supreme Court made it clear it was only deciding about ineffective assistance of trial counsel claims where the prosecutor makes an offer which is rejected.

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. First, the fact of a formal offer means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations. Second, States may elect to follow rules that all offers must be in writing, again to ensure against later misunderstandings or fabricated charges. See N. J. Ct. Rule 3:9-

> 1(b) (2012) ("Any plea offer to be made by the prosecutor shall be
> in writing and forwarded to the defendant's attorney"). Third,
> formal offers can be made part of the record at any subsequent plea
> proceeding or before a trial on the merits, all to ensure that a
> defendant has been fully advised before those further proceedings
> commence. At least one State often follows a similar procedure
> before trial.

*Frye*, 132 S. Ct. at 1408-1409.

Defendant's § 2255 Motion here does not state a claim under *Frye*. As Defendant pleads the claim, the Government made an offer, the offer was communicated to Defendant by his attorney, but Defendant was unwilling to accept the offer as it was made because he was "not willing to give the prosecutor information under the safety valve [statute]." Defendant does not assert he rejected the Government's offer on the basis of any bad legal advice by his attorney, as was the case in *Lafler*. Rather, the Defendant himself refused the offer because he would not comply with the provision of 18 U.S.C. § 3553(f)(5) requiring him to provide the Government with all information and evidence about his offense.[2]

Defendant's claim of ineffective assistance of trial counsel is that his attorney did not attempt to get him a deal for 87-108 months without the safety valve conditions. But he does not suggest any way in which that would have been legally possible. The statutory minimum penalty for the offense to which he pled guilty was ten years (120 months) imprisonment with five kilograms of powder cocaine. The amount of cocaine to which Defendant admitted was more than 150 kilograms (as well as ten kilograms of heroin), more than thirty times the amount of cocaine needed to trigger the ten-year mandatory minimum. Defendant offers no proof the Government would have been willing or even able to accept his counter offer.

---

[2] The Plea Agreement says that the Safety Valve statute and sentencing guideline are applicable to this case.

Therefore it is respectfully recommended that Defendant's § 2255 Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 3, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).