# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,           :         Case No. 3:08-cr-041
                                            Also 3:12-cv-397

                                         District Judge Thomas M. Rose
    -vs-                             Magistrate Judge Michael R. Merz
                             :

EVERARDO RODRIQUEZ-VILCHIS,

       Defendant.

---

# ORDER WITHDRAWING REPORT AND RECOMMENDATIONS AND ORDERING DEFENDANT TO SUPPLEMENT THE § 2255 MOTION

---

This § 2255 case is before the Court on Defendant's Objections (Doc. No. 211) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 210). Judge Rose has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 212).

The § 2255 Motion contains five grounds for relief. The first is a claim for equitable tolling as to Grounds Two, Three, and Four. Ground Five purports to arise under *Missouri v. Frye,* 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012); and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). Because these cases were decided in March, 2012, Defendant does not need equitable tolling as to Ground Five because it was filed within a year of those decisions.

The Report concluded that Defendant was not entitled to equitable tolling and that his

Motion did not state a claim for relief under *Frye* or *Lafler*, which in any event do not apply retroactively to cases on collateral review. The Report therefore recommends dismissal of the Motion with prejudice on initial review under Rule 4 of the Rules Governing § 2255 Cases and denial of a certificate of appealability.

Defendant claims the Magistrate Judge denied him procedural due process when failing to grant equitable tolling based on his being "Hispanic not able to read, write and understand English, and the lack of Spanish materials instructing defendants [on] the laws and rules of time limits for filing 2255 petitions" relying on *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (Objections, Doc. No. 211, PageID 716).

*Mendoza* is a decision of the Ninth Circuit Court of Appeals and is not binding precedent in this Court. The *Mendoza* court does refer, however, to a Sixth Circuit precedent which is instructive, *Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002) which is also cited by Defendant in his Objections (PageID 720). The *Cobas* court held, in 2002:

> We hold that where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.
>
> In general, the existence of a translator who can read and write English and who assists a petitioner during his appellate proceedings implies that a petitioner will not have reasonable cause for "remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008. In announcing this rule, we should note that the translator acting on behalf of a non-English speaking petitioner need have no qualification other than the ability to communicate in English. Since a petitioner does not have a right to assistance of counsel on a habeas appeal, *McCleskey v. Zant*, 499 U.S. 467, 495, 113 L. Ed. 2d 517, 111 S. Ct. 1454 (1987), and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll

> the statute of limitations, see *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007, 145 L. Ed. 2d 389, 120 S. Ct. 504 (1999); *Williams v. Price*, 2002 U.S. Dist. LEXIS 6489, at *10-11 (E.D. Mich. 2002), we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.
>
> An examination of the record in this case belies any claim that language difficulties prevented Cobas from filing his petition in a timely manner. Cobas had an interpreter for his trial, as verified by an Order for Interpreter signed by Judge Gene Schnelz of the Oakland County Circuit Court. As far back as 1993, Cobas wrote a detailed letter to his appellate attorney in English in which he discussed complex legal issues in detail. Moreover, even after Cobas's direct appeals ended in 1995, Cobas was able to file two separate post-conviction motions in the state courts, as well as the instant habeas petition. Even if Cobas received assistance in drafting the 1993 letter, the post-conviction motions, and the instant habeas petition, he was clearly able to communicate with the person who helped him. In short, Cobas has failed to meet his burden of proof to justify equitable tolling.

*Id.* at 444.

The *Cobas* court notes at the very end of the quoted portion of its opinion what has always been the rule with respect to equitable tolling: the burden of proving entitlement is on the § 2255 movant. The Report and Recommendations already filed noted the ways in which Defendant had failed even to allege sufficient facts to support equitable tolling. It noted that:

> He claims he asked his attorney to appeal, but he does not say when he did so or give any corroborating facts (Was it in person or by telephone or letter? Was anyone else present? Did it happen before or after the time to appeal expired?) Nor does he give any detail about what he did to pursue the case after being sentenced. Did he call or write his attorney? When did he contact the bilingual law clerk? He says nothing about the fact that he waived his right to appeal in the Plea Agreement (except for circumstances not relevant to the claims he makes). What discussion did he and his attorney have about that fact as it relates to his desire to appeal?

(Report, Doc. No. 210, PageID 709.) Instead of responding with any of these facts, which are necessary to show the required diligence for equitable tolling, Defendant derides the Report for

"nittpicking [sic] on it's [sic] own ideas for reasons to find flaws or means to dismiss . . ." (Objections, Doc. No. 211, PageID 716).

So as to dispel Defendant's perception that the Magistrate Judge is biased against him, the Report and Recommendations are WITHDRAWN. Defendant is hereby granted to and including February 1, 2013, to file with the Court an affidavit setting forth all of the facts known or available to him in support of his claim of equitable tolling. That would include but not be limited to the facts which answer the questions posed in the first Report. In addition, Defendant shall obtain from the prison library personnel an affidavit of the materials available to prisoners in Spanish with respect to the time limits for filing under § 2255 and when those materials became available. Defendant's Motion itself is written in completely intelligible English and signed by Defendant. If Defendant himself did not write the Motion, who did and when did Defendant first contact that person for assistance?

December 31, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge