# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,      :      Case No. 3:08-cr-041
                                                Also 3:12-cv-397

                                                District Judge Thomas M. Rose
      -vs-                                   Magistrate Judge Michael R. Merz
                                         :

EVERARDO RODRIQUEZ-VILCHIS,

       Defendant.

---

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This § 2255 case is before the Court on Defendant's Objections (Doc. No. 211) to the Magistrate Judge's Report and Recommendations (the "Report" Doc. No. 210). Judge Rose has recommitted the matter to the Magistrate Judge for reconsideration in light of the Objections (Doc. No. 212).

The § 2255 Motion contains five grounds for relief. The first is a claim for equitable tolling as to Grounds Two, Three, and Four. Ground Five purports to arise under *Missouri v. Frye,* 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012); and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). Because these cases were decided in March, 2012, Defendant does not need equitable tolling as to Ground Five because it was filed within a year of those decisions.

The Report concluded that Defendant was not entitled to equitable tolling and that his Motion did not state a claim for relief under *Frye* or *Lafler*, which in any event do not apply

1

retroactively to cases on collateral review. The Report therefore recommended dismissal of the Motion with prejudice on initial review under Rule 4 of the Rules Governing § 2255 Cases and denial of a certificate of appealability.

Defendant claimed the Magistrate Judge denied him procedural due process when failing to grant equitable tolling based on his being "Hispanic not able to read, write and understand English, and the lack of Spanish materials instructing defendants [on] the laws and rules of time limits for filing 2255 petitions" relying on *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006) (Objections, Doc. No. 211, PageID 716.) After the case was recommitted to the Magistrate Judge, he withdrew the Report to dispel the misperception of bias and granted Defendant leave to file, not later than February 1, 2013, "an affidavit setting forth all of the facts known or available to him in support of his claim of equitable tolling" along with "an affidavit [from the prison library personnel] of the materials available to prisoners in Spanish with respect to the time limits for filing under § 2255 and when those materials became available." (Order of December 31, 2012, Doc. No. 213, PageID 726).

Defendant has filed nothing in response. Accordingly, the original Report and Recommendations (Doc. No. 210) are REINSTATED and on the basis of the analysis made in that Report it is again respectfully recommended that Defendant's § 2255 Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied a certificate of appealability and this Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 11, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).